NOT DESIGNATED FOR PUBLICATION

Nos. 129,326
129,327

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

EDGAR ALVAREZ,
*Appellant*.

MEMORANDUM OPINION

Appeal from Ford District Court; ANDREW M. STEIN, judge. Submitted without oral argument. Opinion filed July 2, 2026. Vacated in part and remanded with directions.

*Dylan J. Pryor*, of Kansas Appellate Defender Office, for appellant.

*Miranda R. Neal*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before WARNER, C.J., ISHERWOOD and HURST, JJ.

PER CURIAM: Edgar Alvarez pleaded to crimes in two cases, and in each case, the district court granted a dispositional departure to probation. After Alvarez admitted to violating his probation in both cases, the district court revoked his probation and directed the parties to determine how many days of jail credit should be awarded for the time Alvarez had already spent incarcerated. The court then entered journal entries in each case reflecting jail credit that was not awarded in the other. After careful review of the record and the parties' arguments, we vacate Alvarez' jail credit award and remand with directions to recalculate jail credit.

FACTUAL AND PROCEDURAL BACKGROUND

In June 2019, Alvarez pleaded no contest to aggravated robbery. The district court sentenced him to 48 months in prison but granted a dispositional departure, placing him on probation for 36 months.

Unfortunately, Alvarez' probation was unsuccessful. While Alvarez was on probation in the first case, the State charged him with trafficking contraband in a penal institution. He again pleaded no contest to this offense. Although the State asked the court to revoke Alvarez' probation in the robbery case, the court granted Alvarez' request to remain on probation. At a combined probation-violation and sentencing hearing in March 2022, the court extended his probation in the robbery case for an additional 36 months. In the trafficking case, the court imposed a concurrent 36-month probation term, with an underlying 57-month prison sentence to run consecutive to the sentence in the robbery case.

On multiple occasions over the course of the next three years, Alvarez admitted to violating the terms of his probation; each time, the court repeatedly extended his probation for 36 months from the hearing on the violations. But the court eventually revoked his probation and ordered him to serve his consecutive 48-month and 57-month prison sentences. Rather than determine the appropriate jail credit in Alvarez' cases at that time, the district court directed the parties to determine the appropriate amount themselves in the proposed journal entries.

The parties submitted proposed journal entries, which the district court approved. The journal entry in the robbery case awarded Alvarez jail credit for time in custody between January 17, 2019, and October 18, 2021. The journal entry noted that Alvarez was incarcerated between November 30, 2022, and June 19, 2024, but the journal entry

did not credit his sentence for those days. The journal entry in the trafficking case credited Alvarez' sentence for the period from July 30 to August 4, 2021, and between July 16, 2024, through April 14, 2025.

D<small>ISCUSSION</small>

Alvarez now appeals, challenging the district court's jail-credit determinations. He argues that the district court should have credited his sentences in each case for all days he spent in custody pending the disposition of his cases. The State counters that Alvarez is not entitled to duplicative credit. But the State's argument is undermined by the Kansas Supreme Court's decision in *State v. Ervin*, 320 Kan. 287, 311-12, 566 P.3d 481 (2025), which supports Alvarez' claim for relief. We thus vacate the jail-credit determination in each case and remand for recalculation based on the rule established by *Ervin*.

As a preliminary matter, the State points out that Alvarez did not advocate for a different jail-credit calculation before the district court. Alvarez acknowledged that he did not object to the district court's award of jail credit but argues that he did not have an opportunity to object because jail credit was not determined at the disposition hearing. Alvarez contends that review of this issue is appropriate and invokes two exceptions to the preservation requirement. See *Schutt v. Foster*, 320 Kan. 852, 856, 572 P.3d 770 (2025). He asserts that review is appropriate because the issue is a question of law based on admitted facts and because review of the issue is necessary to prevent the denial of fundamental rights.

We have exercised our discretion to review similar issues raised for the first time on appeal and do so again here. *State v. Watie*, 66 Kan. App. 2d 166, 168, 577 P.3d 674 (2025) (review of jail credit issue for the first time on appeal under preservation exceptions), *rev denied* 321 Kan. 795 (2026). Contrary to the State's argument, we need not decide the exact number of days of credit that Alvarez is entitled to. Instead, we can

3

examine whether the district court correctly applied the law in reaching its jail-credit determination. Whether the district court correctly applied K.S.A. 21-6615 to calculate Alvarez' jail credit is a question of statutory interpretation, which we review de novo and without deference to the district court. *State v. Daniels*, 319 Kan. 340, 342, 554 P.3d 629 (2024).

At the time Alvarez committed the offenses giving rise to his convictions in these cases, questions of jail credit were controlled by K.S.A. 2019 and 2021 Supp. 21-6615(a), which contained the same requirement that a defendant in a criminal case receive "an allowance for the time which the defendant has spent incarcerated pending the disposition of the defendant's case."

In the past, the Kansas appellate courts interpreted this language to mean that defendants could receive credit only if they were not being confined for any other pending case or sentence. See *State v. Smith*, 309 Kan. 977, 981, 441 P.3d 1041 (2019). But the interpretation of K.S.A. 21-6615(a) changed with the Kansas Supreme Court's decision in *Ervin*, which controls our analysis here. *Ervin* held that K.S.A. 21-6615—as it existed before May 2024—required the district court to "award an allowance for all time spent incarcerated 'pending the disposition of the defendant's case.'" 320 Kan. at 311. This means a defendant must receive one day of credit for each day they are incarcerated in their case, even if they "received an allowance for some or all that time against a sentence in another case." 320 Kan. at 312.

As the State points out, the legislature amended K.S.A. 21-6615 in 2024 in reaction to the *Ervin* decision, clarifying that defendants serving consecutive prison sentences are not entitled to duplicative credit for time they spent incarcerated as those cases were pending. See K.S.A. 2024 Supp. 21-6615. The State argues that because the district court's jail-credit determination here came after these statutory amendments, the 2024 statute should apply. But a panel of this court already rejected these arguments in

*State v. Mitchell*, 66 Kan. App. 2d 196, 206-08, 579 P.3d 970 (2025), *rev. granted* 321 Kan. 793 (2026), finding that a defendant's jail credit is determined by the version of the statute in effect at the time the crime was committed. We find the *Mitchell* court's analysis of this question to be persuasive and adopt its reasoning here.

The State also argues that *Ervin* was wrongly decided and should not control the outcome of this appeal. But we are duty-bound to follow Supreme Court precedent, absent some indication of a departure. *State v. Patton*, 315 Kan. 1, 16, 503 P.3d 1022 (2022). Based on the plain language of K.S.A. 2019 and 2021 Supp. 21-6615(a), as interpreted by our Supreme Court in *Ervin*, Alvarez is correct that the district court was required to award an allowance for all time spent incarcerated pending the disposition of his case, even if that would result in duplicative credit.

The journal entries show that Alvarez received credit for some days in one case but not in the other. But the record is unclear as to the appropriate credit Alvarez should receive. We thus vacate the district court's jail-credit determination and remand for a recalculation of the appropriate jail credit in these cases under *Ervin*.

As a final matter of note, we point out that the journal entry for 21CR431 shows the primary offense of conviction as aggravated robbery rather than trafficking contraband in a penal institution. While likely a clerical error, the journal entry should be corrected upon remand to reflect the appropriate conviction for Alvarez' case.

Vacated in part and remanded with directions.